ORIGINAL

FILED
SUPERIOR COURT
OF GUAM

2014 AUG -4 PM 2: 00

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| MICHAEL LEE LATSNIC, AGUEDA LATSNIC, MICHAEL LEWIS LATSNIC, STEPHEN LATSNIC, and LAICEY LATSNIC, by and through her Guardian Ad Litem, Agueda Latsnic, <br><br> Plaintiffs, <br><br> vs. <br><br> ANTHONY F. QUAN and EDWIN G. QUAN dba EDWIN QUAN RENTAL, <br><br> Defendants. | Case No. CV 0112-14 <br><br><br> DECISION AND ORDER ON DEFENDANTS' MOTION TO DISMISS |

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on May 12, 2014 on Defendants' Motion to Dismiss. Attorney Seth Forman represents Plaintiffs and Attorney William Benjamin Pole represents Defendants. For the reasons set forth below, the Court denies Defendants' Motion.

### BACKGROUND

On January 22, 2014, Plaintiffs filed suit for "damages resulting from the wrongful eviction of Plaintiffs from the leased premises where Plaintiffs resided." (Compl. ¶ 1.[1]) Plaintiffs leased the premises in question from Defendant Edwin G. Quan; the unit is situated adjacent to the unit occupied by Defendant Anthony F. Quan. (Compl. ¶¶ 9-14.) Plaintiffs present claims for forcible detainer, wrongful eviction, and theft of electricity. (Compl. ¶¶ 22-

---

[1] The Court cites to paragraphs in Plaintiffs' Complaint according to Plaintiffs' numbering, but notes that consecutive paragraphs are erroneously numbered (6).

36.) In short, Plaintiffs allege that they were evicted by Defendants, with the assistance of the Guam Police Department (GPD), after insufficient notice and thereafter were denied access to their possessions; some possessions went unrecovered, while others were damaged. (Compl. ¶¶ 17-21, 23-24.) Plaintiffs further allege that Defendant Anthony Quan stole electricity from them by running his appliances off of their electricity meter. (Compl. ¶¶ 13-14, 35.) Citing 20 GCA § 2120, Plaintiffs also argue that the wrongful eviction was "oppressive and malicious" and the theft of electricity was "fraudulent, oppressive and malicious" (Compl. ¶¶ 33, 36.) Plaintiffs seek general, special, treble, and punitive damages. (Compl. ¶¶ 25-27, 32-33, 36, Prayer for Relief.)

On February 26, 2014, Defendants filed their Motion to Dismiss pursuant to Rules 12(b)(6) and 12(b)(7) of the Guam Rules of Civil Procedure; Defendants alternatively move for summary judge pursuant to Rule 56. Defendants contend that this suit is ripe for dismissal or summary judgment because Plaintiffs failed to state a claim, failed to plead fraud or oppression with particularity, and failed to join indispensable parties.

On March 11, 2014, Plaintiffs filed their Opposition to Motion to Dismiss. Plaintiffs assert that they have alleged claims upon which relief can be granted, that there is no fraud claim in the Complaint, and that oppression has been sufficiently pleaded. As to the alleged failure to join a party pursuant to Rule 12(b)(7), Plaintiffs argue that neither the GPD nor its officers are necessary or indispensable parties. Plaintiffs further contend that summary judgment is inappropriate because Defendants failed to present matter outside the pleadings. Finally, Plaintiffs argue that the Court should decline to consider new arguments or material presented by Defendants in a reply brief.

On April 4, 2014, Defendants filed their Response to Objection to Motion to Dismiss. Defendants emphasize that Plaintiffs failed to provide sufficient detail to support their claims for relief and, in particular, failed to plead fraud or oppression with particularity such that they may recover damages. Defendants also reiterate that Plaintiffs failed to join the GPD or its members as a necessary and indispensable party to the suit. Defendants include an Affidavit of Anthony F. Quan and an Affidavit of Flora Quan with their Response.

On May 8, 2014, Plaintiffs filed their Objection to Untimely Affidavits. Plaintiffs contend that Defendants should have filed the affidavits with the original Motion and that, since the affidavits are untimely, there is no basis for the Court to entertain summary judgment.

Plaintiffs provide Declarations of Michael Lee Latsnic, Agueda Latsnic, and Stephen Latsnic, which are to be considered only if the Court "considers the untimely Quan affidavits and converts the pending motion to a motion for summary judgment."

On May 12, 2014, the Court heard oral argument and took the matter under advisement.

## DISCUSSION

### I.  Arguments and Affidavits in Defendants' Response

In their Opposition and Objection, Plaintiffs contend that the Court should decline to consider untimely affidavits submitted with Defendants' Response as well as new theories presented in their Response. As a preliminary matter, therefore, the Court addresses which of Defendants' affidavits and arguments will be considered in the context of their Motion to Dismiss.

Applicable here is Guam Superior Court Local Rule 7.1(c)-(d), which provides, in pertinent part, that a moving party may submit affidavits with a motion, a non-moving party may file an opposition along with affidavits, and a moving party may file a reply brief to the non-moving party's opposition. The Court is guided by the plain language of the rule. Sumitomo Const., Co. v. Guam, 2001 Guam 23, ¶ 17; Amerault v. Intelcom Support Servs., Inc., 2004 Guam 23, ¶ 14. Dispositive here is the fact that there is nothing in the plain language of Local Rule 7.1 permitting submission of affidavits with a reply brief, while the rule explicitly authorizes submission of affidavits with a motion or opposition. See Rinehart v. Rinehart, 2000 Guam 14, ¶ 9 (describing interpretive rule of *expressio unius est exclusio alterius*). Viewing Local Rule 7.1 in its entirety, the Court concludes that the rule does not contemplate submission of affidavits with a reply brief and, insofar as consideration of such an affidavit lies within the discretion of the Court, it would be unfair and prejudicial to Plaintiffs to consider the affidavits. The Court, therefore, excludes the affidavits submitted by Defendants with their Response and, accordingly, will not convert Defendants' Motion into a motion for summary judgment. See Guam R. Civ. P. 12(b) (if "matters outside the pleadings are presented to and not excluded by the court," then motion to dismiss shall be treated as motion for summary judgment).

Relatedly, although Defendants' Motion generally seeks dismissal, it is devoid of specific arguments as to Plaintiffs' claims for forcible detainer and theft of electricity; these claims are addressed only in Defendants' Response. Plaintiffs urge the Court not to consider any arguments set forth for the first time in Defendants' Response. The Court adopts the reasoning

set forth by the Guam Supreme Court in the context of the Rules of Appellate Procedure when it stated that "[t]he general rule is that issues raised for the first time in a reply brief are deemed waived" because allowing a movant to present new arguments would be "manifestly unfair" to the non-moving party and "unfair to the court itself," which would be without the non-moving party's response. In re Estate of Concepcion, 2003 Guam 12, ¶ 10 (citations omitted). The Court therefore declines to consider arguments introduced in Defendants' Response. In any event, as discussed below, such arguments are unavailing because Plaintiffs set forth viable claims for relief which survive all arguments offered by Defendants.

## II. Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim.

Pursuant to Rule 12(b)(6) of the Guam Rules of Civil Procedure, Defendants argue that Plaintiffs have failed to state a claim upon which relief can be granted and Plaintiffs' "allegations are no more than a statement of wrongdoing without providing sufficient specifics to state a claim[.]" Although a complaint "need not contain detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief 'requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" Core Tech Int'l Corp. v. Hanil Eng'g & Const. Co., Ltd., 2010 Guam 13, ¶ 52 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Dismissal is inappropriate unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. (quoting Twombly, 550 U.S. at 561). In addition, the complaint must be construed "in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor.'" Taitano v. Calvo Finance Corp., 2008 Guam 12, ¶ 9 (quoting First Hawaiian Bank v. Manley, 2007 Guam 2, ¶ 9) (quotations omitted).

### A. Forcible Detainer

Plaintiffs first present a claim for forcible detainer. (Compl. ¶¶ 22-27.) Guam recognizes this cause of action, such that a person is guilty of forcible detainer if he "[b]y force, or by menaces and threats of violence, unlawfully holds and keeps the possession of any real property, whether the same was acquired peaceably or otherwise." 21 GCA § 21102(a); see also Bank of Hawaii v. Chan, 2003 Guam 7, ¶¶ 8-10 (construing unlawful detainer and forcible detainer statutes).

Plaintiffs allege that they were lawful tenants, that "Defendant Anthony Quan and others took possession of [Plaintiffs' unit] through the use of intimidation by uniformed police officers

acting on instructions of Anthony Quan, in order to force Plaintiffs to vacate the premise," and that "Defendant Anthony Quan then secured the premises so as to prevent Plaintiffs from reentering." (Compl. ¶¶ 23-24.) Plaintiffs thus plainly claim that they were disturbed and excluded from their lawful occupation of the premises by virtue of force, menace, or threats on the part of Defendants. Construing the allegations in the light most favorable to Plaintiff, the Court therefore concludes that Plaintiffs state a claim for forcible detainer. Insofar as Defendants offer specific arguments in their Response, dismissal is likewise inappropriate because Defendants rely on an inapplicable unlawful detainer statute, 21 GCA § 21106, and otherwise fail to articulate how Plaintiffs' allegations are so insufficient as to warrant dismissal.

**B.     Wrongful Eviction**

Plaintiffs next present a claim for wrongful eviction and damages for replacement housing, loss of personal property, and emotional distress. (Compl. ¶¶ 28-33.) The cause of action is recognized at common law. See 49 Am. Jur. 2d Landlord and Tenant §§ 514-15, 538. Plaintiffs also seek punitive damages pursuant to 20 GCA § 2120, which provides that "[i]n an action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud, or malice, express or implied, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant."

Plaintiffs claim that they were lawful tenants who were dispossessed without due notice and were prevented access thereafter to their apartment and possessions. Plaintiffs thus allege that they were wrongfully evicted and, "as a proximate result of Anthony Quan's wrongful eviction, Plaintiffs suffered emotional distress, mental anguish and pain." Plaintiffs further allege that "Anthony Quan's wrongful eviction of Plaintiffs from Unit B was oppressive and malicious [. . .] entitling Plaintiffs to an award of punitive damages," (Compl. ¶¶ 28-33.) Defendants do not dispute the wrongful eviction claim itself, but rather dispute whether oppression was pleaded sufficiently to allow punitive damages. Defendants contend that "the Plaintiffs failed to show a prima facie case that Defendants knowingly disregarded the rights of the Plaintiffs" and that punitive damages are not available because wrongful eviction is a contractual breach of duty.

It is apparent from the foregoing allegations that Plaintiffs successfully present a claim for wrongful eviction and allege oppression only insofar as it relates to damages. Although Rule

9(b) of the Guam Rules of Civil Procedure provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity[,]" there is no indication that the special pleading requirement applies to Plaintiffs' request for damages pursuant to 20 GCA § 2120. Moreover, in construing the federal rule from which Guam's rule derives, the Ninth Circuit endorsed the notion that "[w]here averments of fraud are made in a claim in which fraud is not an element, an inadequate averment of fraud does not mean that no claim has been stated." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1105 (9th Cir. 2003) (quoting Lone Star Ladies Inv. Club v. Schlotzsky's Inc., 238 F.3d 363, 368 (5th Cir. 2001) (quotations omitted). There is no indication that damages under § 2120 are an element of a claim for wrongful eviction and, in any event, the Court declines to consider the issue of damages at such a preliminary stage of the proceedings. The Court concludes that Plaintiffs state a claim for wrongful eviction.

## C.    Theft of Electricity

Plaintiffs' third claim is for theft of electricity. Plaintiffs assert that "[t]heft or diversion of electricity is 'conversion.'" Guam law permits recovery for conversion of personal property. 20 GCA § 2228; see also Marianas Hospitality Corp. v. Premier Business Sol'ns, Inc., 2009 WL 750247, at 10 (D.Guam Jan.14, 2009) (concluding that plaintiff stated a claim for conversion under Guam law). Conversion is defined as the "intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel." Restatement (Second) of Torts § 222A (1965); see also Narragansett Elec., Co. v. Carbone, 898 A.2d 87, 97-98 (R.I. 2006) (collecting cases and concluding that electricity is a type of personal property that may be converted and therefore may be the subject of a conversion cause of action). Plaintiffs also seek punitive damages pursuant to 20 GCA § 2120.

Plaintiffs assert that Defendants ran their electricity from Plaintiffs' meter in a "fraudulent, oppressive and malicious" fashion. (Compl. ¶¶ 13-14, 36.) Plaintiffs also set forth a dollar amount and period of duration for the alleged conversion. (Compl. ¶ 35.) Defendants again contend that Plaintiffs failed to plead fraud with particularity. In their Response, Defendants otherwise argue that Plaintiffs provide no factual support for their claim.

Plaintiffs provide a short and plain statement of the claim that apprises Defendants of the allegation—i.e., Defendants exerted control over Plaintiffs' meter over a certain period of time

such that Plaintiffs incurred damages in paying for Defendants' electricity consumption—and allege fraud only insofar as it relates to damages. As discussed above, there is no indication that damages under § 2120 are an element of a claim for conversion and the Court declines to consider the issue of damages at such a preliminary stage of the proceedings. The Court concludes that Plaintiffs state a claim for conversion.

## III. Rule 12(b)(7) Motion to Dismiss for Failure to Join a Party under Rule 19.

Defendants contend that the "Plaintiffs should have joined the Guam Police Department and/or each of the individual police officers" that Plaintiffs allege "are guilty of tortious conduct." Defendants further argue that the GPD is a necessary party to the suit because complete relief cannot be accorded among only the parties present and that failure to join would prejudice each affected party's ability to protect its interest. Defendants conclude that "the un-joined parties are indispensable and dismissal of this action is warranted" because joinder is not feasible "given the prerequisite that Plaintiffs first file an administrative claim before they can litigate under the Government Claims Act."

Plaintiffs counter that "joint tortfeasors, such as the police officers involved in this incident, are not necessary or indispensable parties." In particular, Plaintiffs cite numerous cases for the proposition that "it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit."

The Court first must determine whether a party is necessary under Rule 19(a) of the Guam Rules of Civil Procedure. Agana Beach Condo. Homeowners' Ass'n v. Mafnas, 2013 Guam 9, ¶ 57 (citing Benavente v. Taitano, 2006 Guam 15, ¶ 58). Pursuant to Rule 19(a), a party shall be joined to an action if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or
>
> (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may
>
>> (i) as a practical matter impair or impede the person's ability to protect that interest or
>>
>> (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Because Rule 19 is "virtually identical" to its federal counterpart, the Court refers to "cases which interpret and apply the principles of the federal rule for guidance." Benavente, 2006 Guam 15, ¶ 48. The party moving to dismiss for failure to join an indispensable party pursuant to Rule 12(b)(7) bears the burden to produce evidence in support of the motion. Makah Indian Tribe v. Verity, 910 F.2d 555, 558 (9th Cir. 1990); Citizen Band Potawatomi Indian Tribe of Okla. v. Collier, 17 F.3d 1292, 1293 (10th Cir. 1994).

Defendants offer no authority to support their contention that Plaintiffs must join all alleged tortfeasors. Indeed, as Plaintiffs point out, "[i]t has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." Temple v. Synthes Corp., 498 U.S. 5, 7 (1990); see also Union Paving Co. v. Downer Corp., 276 F.2d 468, 471 (9th Cir. 1960) ("And it is well established that a joint tort-feasor is not an indispensable party."); Bailey v. Bayer CropScience L.P., 563 F.3d 302, 308 (8th Cir. 2009) ("[T]ortfeasors with joint and several liability are merely permissive parties."); Pujol v. Shearson/Am. Express, Inc., 877 F.2d 132, 137 (1st Cir. 1989) ("[U]nlike a person vicariously liable in tort, a person potentially liable as a joint tortfeasor is not a necessary or indispensable party, but merely a permissive party subject to joinder under Rule 20."). Defendants present no authority contrary to this well-settled proposition. The Court, therefore, concludes that neither the GPD nor its individual officers are necessary parties and, accordingly, the Court declines to undertake further analysis under Rule 19(a).

## CONCLUSION

In light of the foregoing, the Court DENIES Defendants' Motion to Dismiss. The parties shall submit a scheduling order and discovery plan prior to the scheduling conference on August 25, 2014 at 2:00 P.M.

**IT IS SO ORDERED** this day of August 4, 2014.

_____
HONORABLE ALBERTO C. LAMORENA III
Presiding Judge, Superior Court of Guam



**SERVICE VIA COURT BOX**

I acknowledge that a copy of the
original hereto was placed in the
court box of:

_Theley Cole_

Date: 8/4/14  Time: 2:25 p

Deputy Clerk, Superior Court of Guam

ORIGINAL